```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 07-22859-Civ-LENARD
                                           (06-20371-Cr-LENARD)
                                    MAGISTRATE JUDGE P. A. WHITE
BACILIO CUERO-HURTADO,       :

      Movant,                :

v.                           :              REPORT OF
                                        MAGISTRATE JUDGE
UNITED STATES OF AMERICA,    :

      Respondent.            :
_____
```

This matter is before the Court upon a timely pro se motion to vacate pursuant to 28 U.S.C. §2255, by Bacilio Cuero-Hurtado, attacking his conviction and sentence entered on Count 1 of a three count Indictment, for conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§841(a)(1) and 846, after entry of a guilty plea with benefit of a plea agreement in Case No. 06-20371-Cr-Lenard.

The Court has for its consideration, and has reviewed, Cuero-Hurtado's motion to vacate and supporting Memorandum; the government's Response to Order to Show Cause; the Pre-Sentence Investigation Report ("PSIR"); and all pertinent portions of the underlying criminal file, including the Change of Plea, written Plea Agreement, Sentencing Minutes, Judgment (Cr-DE#29), and a transcript of the plea hearing submitted pursuant to a supplemental court Order.

The specific facts involved in the unlawful activities of the movant, are detailed in the PSIR (at pp.4-6, ¶¶7-18).

The procedural history of the underlying criminal case is as follows. A June 16, 2006 three-count grand jury Indictment charged the movant with the aforementioned conspiracy [Count I], and two separate counts of possession with intent to distribute in excess of one kilogram of heroin, each in violation of 21 U.S.C. §841(a)1) [Counts 2 and 3]. On August 28, 2006, the movant, with assistance

of counsel, pled guilty to Count 1 of the Indictment, having the same day entered into a written plea agreement with the government which was personally signed by the defendant/movant, by his attorney Paul J. Donnelly, Esquire, and by  by Stefanie C. Moon, AUSA for the government. The defendant/movant Cuero-Hurtado's sentence was imposed on November 6, 2006.  He took no direct appeal.

The essence of Cuero-Hurtado's §2255 motion is his dissatisfaction that the government did not file a Rule 35 Motion for Reduction of Sentence in his case. He couches his claims in terms of two grounds for relief, essentially as follow:

1. Whether or not the Petitioner received an unreasonable sentence, in that "Petitioner has been denied the full extent of benefits promised to him in exchange for his complete cooperation."

2. Whether or not the Petitioner received ineffective assistance of counsel, in that his attorney, "rather than advocating the defense of the Petitioner," instead "simply acquiesced to the Government's indictment and information, without challenging the proposed plea agreement," thereby "granting the government the benefit of Petitioner's cooperation, without reserving any rights or benefits for Petitioner accordingly."

### Ground 1

Cuero-Hurtado asserts in ground 1 that he received an "unreasonable" sentence, contending he was denied the full extent of what he [allegedly] was promised, ostensibly the filing by the government of a Rule 35 motion.

The record belies Cuero-Hurtado's claim that he was promised the filing of a Rule 35 motion for reduction of his sentence. The plea agreement clearly provides that although there was the possibility that the government might file a Rule 35 motion, it was not obligated to do so; nor was the Court obligated to grant such a motion if it was filed. (See Plea Agreement, ¶¶ 11 and 12, at pp.

5 and 6). Moreover, review of the plea transcript shows that the Honorable Joan A. Lenard, United States District Judge, conducted a thorough, detailed plea colloquy on August 28, 2006. During that hearing, at the beginning of which the defendant/movant Cuero-Hurtado was sworn, the Court personally addressed Cuero-Hurtado, and reviewed the Plea Agreement in his presence. The transcript shows that he answered affirmatively when he was asked: if it was the entire agreement and understanding between him and the government, with no other agreements promises, representations or understandings; if it was his signature on the document; if he had read and understood the agreement before signing it; if he had fully discussed the agreement with his attorney before signing it; and if he understood that he could not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by him, the government, or a joint recommendation by him and the government. At the plea hearing Cuero-Hurtado affirmed to the Court his understanding that under paragraph 13 of the plea agreement he was giving up his right to appeal his sentence, and his understanding that if the Court accepted his plea of guilty and the sentence imposed by Court was more than he expected, he would still be bound by the plea agreement and guilty plea, and have no right to withdraw them. He also affirmed to the Court that no one had threatened him or in any other way tried to force him to enter into the plea agreement and enter his guilty plea in the case.

    Rule 35 of the Federal Rules of Criminal Procedure provides that a motion to reduce sentence based on substantial assistance to the government may only be made by motion of the government. The government has a considerable amount of discretion regarding this decision, and the Eleventh Circuit has held that the government's determination of "substantial assistance" is encompassed within the zone of prosecutorial discretion and subject to review only upon a showing of a constitutionally impermissible motive or the breach of an express agreement to file a motion. United States v. Gonslaves, 121 F.3d 1416, 1419 (11 Cir.1997); United States v. Forney, 9 F.3d 1492, 1502 (11 Cir.1993)(citing Wade v. United States, 504 U.S. 181

(1992)). In Wade, supra, the Supreme Court held that "federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." Wade, 504 U.S. at 185-86. The Court emphasized that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or to an evidentiary hearing. Nor would additional but generalized allegations of improper motive."[1] Id.

Thus, in cases such as Cuero-Hurtado's, where a plea agreement clearly states that the government *may* file a Rule 35 motion [or contains other language to the effect that the government has discretion to file or not file such a motion], the Court generally will not have jurisdiction to review the movant's claim of an alleged breach for failure to file a Rule 35 motion, absent an allegation of a constitutionally impermissible motive. See Forney, supra, 9 F.3d at 1500-1502. Here, the movant Cuero-Hurtado has neither alleged nor shown that the government's failure to file a substantial assistance motion was based on a constitutionally impermissible motive, or that any alleged refusal by the prosecutor to move for a downward departure was not rationally related to any legitimate Government end.

On November 6, 2006, after entry of his voluntary plea, Cuero-Hurtado appeared for sentencing, at which time the Court imposed a sentence on Count 1 consisting of 87 months imprisonment, followed by 3 years supervised release, with a $100.00 special assessment.

The record belies Cuero-Hurtado's assertion in ground 1 that the sentence imposed was unreasonable. Under the plea agreement and pursuant to his guilty plea, he was to be adjudicated guilty and

---

[1] A prosecutor's refusal to file a substantial-assistance motion would be unconstitutional if, for example, the refusal was based upon the defendant's race or religion. Id.

4

sentenced on Count I (Conspiracy) and the two counts for possession with intent to distribute heroin were to be dismissed. The transcript of the plea colloquy, the written plea agreement, and the PSIR make clear that if Cuero-Hurtado had proceeded to trial and had been convicted he faced a much more onerous sentence than that which was imposed. Cuero-Hurtado faced a possible life sentence, and a minimum mandatory sentence of 10 years (120 months) imprisonment on Count I. After his plea agreement and the Court's acceptance of his guilty plea, Cuero-Hurtado's sentence was calculated under the U.S. Sentencing Guidelines ("USSG"). For his Base Offense Level of 34, and a criminal history category I, Cuero-Hurtado's guideline range would have been 151-188 months imprisonment [above the minimum mandatory].

Upon pleading guilty, he was granted a two level reduction for application of the safety valve,[2] resulting in an adjustment in his

---

[2] The "safety valve" was enacted to permit courts to sentence less culpable defendants to guideline sentences instead of imposing mandatory minimum sentences. U.S.S.G. §5C1.2. In order for the safety valve to be applicable, the defendant must meet the following criteria as outlined in 18 U.S.C. § 3553(f)(1)-(5):

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

base offense level from 34 to 32, for which his Guideline range would have been 121 to 151 months imprisonment. Having pled guilty, Cuero-Hurtado was granted an additional 2-point downward adjustment under USSG §3E1.1(a), for "Acceptance of Responsibility" for his offense, and a further 1-point downward adjustment under USSG §3E1.1(b) [for which a government motion was required] based on assistance in the investigation of his own misconduct by timely notifying authorities of his intention to plead guilty. These further adjustments resulted in a total offense level of 29 which resulted in a guideline range of 87-108 months [based on Cuero-Hurtado's criminal history Category of I].

In sum, without benefit of the Safety Valve and §3E1.1 adjustments which became available to Cuero-Hurtado as a result of his guilty plea, Cuero-Hurtado with a Base Offense Level of 34 would have faced a guidelines range of 151-188 months imprisonment; and there would have been a minimum mandatory sentence of 10 years (120 months) with a possible sentence of life imprisonment if he had been convicted at trial. Instead, as a result of his guilty plea, Cuero-Hurtado's sentencing guideline range was greatly reduced to 87-108 months imprisonment, and the sentence actually imposed was at the bottom of that range. Under the circumstances, it cannot be said that the sentence imposed upon Cuero-Hurtado was "unreasonable."

### Ground 2

In ground 2, the movant, Cuero-Hurtado has asserted that he received ineffective assistance of counsel. In order for the movant to prevail on a claim of ineffective assistance of counsel, he must establish that 1) his counsel's representation fell below an objective standard of reasonableness; and 2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The standard is the same for claims of ineffective assistance on appeal. <u>Matire v. Wainwright</u>, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the

prejudice prong cannot be satisfied.  Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995). Review of counsel's conduct is to be highly deferential, Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).  Bare and conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration.  See United States v. Robinson, 64 F.3d 403, 405 (8 Cir. 1995), Ferguson v. United States, 699 F.2d 1071 (11 Cir. 1983), United States v. Ammirato, 670 F.2d 552 (5 Cir. 1982); United States v. Sanderson, 595 F.2d 1021 (5 Cir. 1979).

The essence of ground 2 is that counsel allowed Cuero-Hurtado to enter into a plea agreement and plead guilty, pursuant to which the government would obtain Cuero-Hurtado's cooperation, "without reserving any rights or benefits for Petitioner" [i.e., without a guarantee that the government was required to file a Rule 35 motion for a further reduction of sentence]. Here, as discussed supra in some detail, Cuero-Hurtado voluntarily signed the plea agreement and entered a guilty plea based on that written agreement, with a full understanding [confirmed by him under oath at the plea colloquy] that it was within the government's discretion not to file a Rule 35 motion in his case, and that even if the government had filed such a motion, the Court would be under no obligation grant it. Under these circumstances [given the benefits of dismissal of 2 counts, and the greatly reduced sentence which Cuero-Hurtado received -- compared to what could have been imposed had he gone to trial and been convicted] it does not appear that counsel's

representation fell below the objective standard of reasonableness, or that but for the alleged deficiency there is a reasonable probability that the result in Cuero-Hurtado's case would have been different. It therefore cannot be said that counsel was ineffective for advising Cuero-Hurtado to enter into the plea agreement which he did.

## **Conclusion**

It is therefore recommended that: 1) this motion to vacate is denied; 2) any pending motions not otherwise ruled upon by separate Order be dismissed, as moot; and 3) this case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: May 14th 2008.

_____
UNITED STATES DISTRICT JUDGE


cc: Bacilio Cuero-Hurtado, *Pro Se*
    Reg. No. 76689-004
    CI Dalby Correctional Institution
    805 North Avenue F
    Post, TX 79356


    Stefanie Camille Moon, AUSA
    United States Attorney's Office
    99 N.E. 4th Street
    Miami, FL 33132


    The Honorable Joan A. Lenard,
    United States District Judge